# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOHN DOE and JANE DOE,**
      **Plaintiffs,**

    v.                                      Case No. 07C0015

**FAMILY DOLLAR STORES, INC.,**
**and HAROLD LANDERS,**
      **Defendants.**

---

## DECISION AND ORDER

Plaintiffs John Doe and Jane Doe bring this Title VII case against defendants Family Dollar Stores, Inc. ("Family Dollar") and one of its employees, Harold Landers. Plaintiffs also assert a number of supplemental state law claims. Plaintiffs allege that Family Dollar hired John to manage stores in Wisconsin and sent him to training in Atlanta, Georgia. While in Atlanta, plaintiffs allege that Landers sexually assaulted John, causing him emotional distress and leading him to take medical leave from work. After John complained to supervisors, plaintiffs allege that Family Dollar retaliated against him and constructively discharged him. Family Dollar has moved to dismiss for improper venue or in the alternative to transfer the case to the Northern District of Georgia. Landers has moved to dismiss for lack of personal jurisdiction or for improper venue, or in the alternative to transfer the case to the Northern District of Georgia. In response to the motions, plaintiffs consented to transfer of the case to the Northern District of Georgia.

      I clearly have personal jurisdiction over Family Dollar and plaintiffs' claims against Family Dollar are properly venued here. However, given that plaintiffs allege that Landers

had only minimal contacts with the state of Wisconsin and Landers's wrongful acts allegedly occurred in Atlanta, I lack personal jurisdiction over such claims, see Federal Rural Elec. Ins. Corp. v. Inland Power and Light Co., 18 F.3d 389, 395 (7th Cir. 1994) (quoting Asahi Metal Industry v. Superior Court, 480 U.S. 102, 112 (1958)), and such claims are improperly venued here, see 28 U.S.C. § 1391 (b-c). Under 28 U.S.C. § 1404(a), I may transfer a case to any district where it might have been brought. And under 28 U.S.C. § 1406, I may transfer an improperly venued case to any district where it might have been brought, even without having acquired personal jurisdiction over a defendant. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). Given that plaintiffs' claims against Landers were improperly brought here, plaintiffs' claims against both defendants could have been brought in the Northern District of Georgia and plaintiffs have consented to the transfer of this case to the Northern District of Georgia,

**IT IS ORDERED** that Family Dollar's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Harold Landers's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Family Dollar's motion to change venue is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is hereby **TRANSFERRED** to the Northern District of Georgia.

Dated at Milwaukee, Wisconsin this 30 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge